# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | SUPERSEDING INDICTMENT |
| | CRIMINAL NO. 18-CR-746 (PAD) |
| v. | |
| | VIOLATIONS: |
| CESAR EMILIO PERALTA-ADAMEZ, | Title 21, United States Code, §§ 952(a), 959(a), |
| aka "El Abusador," | 960(a)(1), 960(a)(3), 960(b)(1)(A), 960(b)(1)(B), |
| Defendant. | 963 |
| | |
| | FORFEITURE: |
| | Title 21, United States Code, § 853 |
| | |
| | (THREE COUNTS & |
| | ONE FORFEITURE ALLEGATION) |

**THE GRAND JURY CHARGES:**

## COUNT ONE
### Conspiracy to Import a Controlled Substance (Heroin)
### Title 21, United States Code, Sections 952, 960, 963

From in or about and between 2007 through June 2017, both dates being approximate and inclusive, in the countries of the Dominican Republic, Venezuela, Colombia, and the Netherlands Antilles,

**CESAR EMILIO PERALTA-ADAMEZ, aka "El Abusador,"**

the defendant herein, did knowingly and intentionally combine, conspire, confederate and agree with diverse other persons and co-conspirators known and unknown to the Grand Jury, to commit the following offense against the United States: to knowingly and intentionally import into the United States one (1) kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), 960(b)(1)(A), 963.

1

## COUNT TWO
### Conspiracy to Import a Controlled Substance (Cocaine)
### Title 21, United States Code, Sections 952, 960, 963

From in or about and between 2007 through June 2017, both dates being approximate and inclusive, in the countries of the Dominican Republic, Venezuela, Colombia, and the Netherlands Antilles,

**CESAR EMILIO PERALTA-ADAMEZ, aka "El Abusador,"**

the defendant herein, did knowingly and intentionally combine, conspire, confederate and agree with diverse other persons and co-conspirators known and unknown to the Grand Jury, to commit the following offense against the United States: to knowingly and intentionally import into the United States five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), 960(b)(1)(B), 963.

## COUNT THREE
### Manufacturing/Distributing Cocaine for Purpose of Unlawful Importation
### Title 21, United States Code, Sections 959, 960 and
### Title 18, United States Code, Section 2

In or about November of 2015, in the District of Puerto Rico and elsewhere,

**CESAR EMILIO PERALTA-ADAMEZ, aka "El Abusador,"**

the defendant herein, together with others, did knowingly and intentionally manufacture and/or distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending, knowing, or having reasonable cause to believe that such mixture and substance would be unlawfully imported into the United States from

a place outside thereof, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), 960(b)(1)(B).

[Intentionally Left Blank]

3

## NARCOTICS FORFEITURE ALLEGATION
### Title 21, United States Code, Section 853

1.      The allegations contained in Counts One through Three of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

2.      Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 952, 959, 960, or 963, the defendant,

**CESAR EMILIO PERALTA-ADAMEZ, aka "El Abusador,"**

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense, including the following properties located in the Dominican Republic:

   a. Flow Gallery Lounge, Juan De Morfa #87, Santo Domingo, D.R.;
   b. La Koura Club, Guardia #25, Villa Consuelo, Santo Domingo, D.R.;
   c. Aqua Club, Ave. Ortega and Gasset, Santo Domingo, D.R.;
   d. Al Panino, Ave. Abraham Lincoln, Plaza Andalucia II, Santo Domingo, D.R.; and
   e. Peralta Investment, SA.

3.      If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

TRUE BILL:

FOREPERSON:

DATE: Dec/ 11/2019

W. STEPHEN MULDROW
UNITED STATES ATTORNEY

_____
Myriam Y. Fernández-Gonzalez
Assistant United States Attorney
Chief, Criminal Division

_____
Max Pérez-Bouret
Assistant United States Attorney
Chief, Narcotics Unit

_____
Jonathan Edward Jacobson
Assistant United States Attorney

5