UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO (SAN JUAN)
CASE NO.: 18-cr-00746-PAD

**UNITED STATES OF AMERICA,**
    *Plaintiff,*
**-V.S.-**
**CESAR EMILIO PERALTA-ADAMEZ,**
    *Defendant.*
_____/

## EMERGENCY MOTION TO DIRECT THE BUREAU OF PRISONS TO REMOVE DEFENDANT FROM ISOLATION

    Defendant Cesar Emilio Peralta -Adamez ("Mr. Peralta"), by and through the undersigned counsel, writes to inform this Honorable Court of Mr. Peralta's conditions as a pretrial detainee and to request that the Court inquire into his custody status and direct the Bureau of Prisons to consider his immediate removal to the general population at Metropolitan Detention Center, Guaynabo "(MDC Guaynabo"). Under Mr. Peralta's current conditions of confinement, he is unable to properly review discovery and meaningfully assist in his defense. In support thereof, Defendant would state as follows:

    1. Mr. Peralta arrived in the District of Puerto Rico on December 23, 2021, Dkt No. 33. Since then, he has been housed in the Special Housing Unit ("SHU") at MDC Guaynabo. It is the most secure floor in the entire facility and he is under special administrative measures ("SAMs"), which almost completely restricts his communications with the outside world. He has been locked down for 24 hours a day, in solitary confinement, except for one attorney visit and two medical exams. He was told that his classification entitles him to one pre-scheduled social call per month. The temperature in his cell is very cold and he is forced to sleep with three blankets. Not surprising, he has been having great difficulty functioning and the isolation has affected his

physical and mental state of mind. It is unclear why he has been confined in the SHU, under SAMs.

2. The undersigned has been in regular communication with AUSA Mr. Max Perez. While government counsel has made several inquiries to determine whether any accommodations could be made in the interim, his conditions have not changed.[1] On February 11, 2022, the undersigned visited Mr. Peralta. The visit had to be pre-approved and took place in a secure conference room under the watchful eye of a BOP officer who discreetly remained at a reasonable distance. Reviewing documents and recordings is challenging to say the least. Needless to say, Mr. Peralta wants to review discovery and take an active role in his own defense, so as to make a knowing decision as to whether to enter a Plea or exercise his right to go to trial. That is simply not feasible under these conditions.

3. Although, as mentioned earlier, the undersigned has been in communication with government counsel to help address these difficult conditions (and counsel has been as helpful as they can be), this matter is brought to the Court's attention to seek its assistance. The principal request is that Mr. Peralta be moved to general population in the facility, where he has the same ability to confer with counsel as well as other pretrial detainees. While there may be hypersensitivity given Mr. Peralta's profile, this situation hampers Defendant's ability to prepare for trial and /or make meaningful decisions. Defendant prays that consistent with his right to a fair trial he be "afforded reasonable opportunity for private consultation with counsel including

---

[1] To be clear, all of the officers at MDC-Guaynabo, Puerto Rico with whom I and Mr. Peralta, have interacted have been professional, respectful, and courteous. The circumstances we describe herein are not at all a criticism of the corrections officers, but rather a reflection of the reality of his placement in the SHU.

the right to have access to computer equipment to review the voluminous evidence and video recordings provident." See 18 U.S.C. § 3142(i)(3).

4. Defendant, moreover, has a variety of physical illnesses including hypertension, diabetes Type 2, Hepatitis B (for which he is not receiving medications), and severe back pain due a herniated disk to L4 and L5. According to Mr. Peralta, he has requested but failed to receive adequate medical treatment and medication consistent with his illnesses.

5. The government has been advised about the concerns expressed herein and does not oppose the relief requested subject to approval of the Warden and/or other designated staff at the MDC Guaynabo.

WHEREFORE, Defendant prays at a minimum that Mr. Peralta: 1) be allowed to keep legal materials in his cell; 2) have access to a computer to review discovery similar to other pretrial detainees; 3) have contact unregulated and legal visits in the standard attorney visiting room where we can review documents and freely communicate with him; 4) have the same social call privileges as detainees in general population so that he can communicate with his family to find out his children's well-being; and 5) receive appropriate medication to ameliorate his back pain and liver condition.

        Respectfully submitted,

        /s/ *Joaquin Perez*
        _____
        JOAQUIN PEREZ, ESQ.
        Counsel for Defendant
        6780 Coral Way
        Miami, Florida 33155
        Tel: (305) 261-4000 Ext. 3703
        FL Bar: 335339
        jplaw1@bellsouth.net

## **CERTIFICATE OF SERVICE**

     I hereby certify that on April 14, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ *Joaquin Perez*
Joaquin Perez, Esq.